IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert M. Fulmer,<br><br>      Petitioner,<br><br>v.<br><br>Warden Brian Kendell,<br><br>      Respondent. | C/A No. 9:20-cv-945-SAL<br><br>**OPINION & ORDER** |

  This matter is before the Court for review of the April 16, 2020 Report and Recommendation of United States Magistrate Judge Bristow Marchant (the "Report"), made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). [ECF No. 8]. For the reasons outlined herein, the undersigned declines the Report and recommits the matter to the Magistrate Judge.

**PROCEDURAL BACKGROUND**

  Petitioner Robert M. Fulmer ("Petitioner"), appearing *pro se*, is an inmate at the Lieber Correctional Institution. He filed the above-captioned action seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. [ECF No. 1].

  On April 16, 2020, the Magistrate Judge issued the Report, noting that Petitioner's appeal of the denial of his post-conviction relief ("PCR") remained pending at that time. [ECF No. 8 p.3]. As a result, the Magistrate Judge recommended dismissal of the petition without prejudice for Petitioner's failure to fully exhaust his state court remedies. *Id.* at 7. Attached to the Report was the notice of right to file objections. *Id.* at 8. Petitioner filed objections on April 30, 2020. [ECF No. 12]. This matter is ripe for resolution by the Court.

1

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See id.*; Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which the party has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate's Report thus requires more than a reassertion of arguments from the pleading or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing

*Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

Petitioner's specific objections are as follows:

> 1. The Magistrate Judge erred in failing to excuse the exhaustion requirement due to inordinate delay in Petitioner's state PCR proceeding;
>
> 2. the Magistrate Judge erred in failing to find the state court process ineffective due to delay;
>
> 3. the Magistrate Judge erred in requiring Petitioner to exhaust his state court remedies regarding his due process and equal protection claims; and
>
> 4. the Magistrate Judge erred in overlooking Petitioner's assertion of inordinate delay.

[ECF No. 12]. The Court will review these portions of the Report *de novo*.

## DISCUSSION

Each of Petitioner's objections properly and specifically directs the Court to different portions of the Report. *See Orpiano* 687 F.2d at 47. However, each objection and corresponding portion of the Report advance the same argument: Petitioner's state remedy is rendered ineffective by inordinate delay or inaction. Petitioner argues this excuses his need to exhaust his state court remedies and gives rise to a due process violation. Accordingly, this Court will address all of Petitioner's objections together in its *de novo* determination of those portions of the Report.

Without deciding whether Petitioner's state court remedy is rendered ineffective by inordinate delay, the Court recommits the matter to the Magistrate Judge to consider the petition on its merits. Absent valid excuse, a habeas petitioner must first present his claims to state courts. 28 U.S.C. § 2254(b). A petitioner need not present his claim to the state courts if state court remedies are

ineffective to protective his rights. *Id.* State remedies may be rendered ineffective by inordinate delay or inaction in state proceedings. *Ward v. Freeman*, 46 F.3d 1129, 1995 WL 48002 at *1 (4th Cir. 1995) (collecting cases) (unpublished). Furthermore, "undue delay in processing an appeal *may* rise to the level of a due process violation." *United States v. Johnson,* 732 F.2d 379, 381 (4th Cir.1984) (emphasis in original).

Here, Petitioner argues that a five-year delay in his state PCR proceeding renders his state court remedy ineffective and gives rise to a due process claim. However, after the Report and objections were filed, the South Carolina Court of Appeals denied Petitioner's appeal of the dismissal of his PCR application. *See* Pickens County Thirteenth Judicial Circuit Public Index.[1] The Court takes judicial notice of this disposition. The Court may take judicial notice of factual information located in postings on government web sites. *See Tisdale v. South Carolina Highway Patrol*, C/A No. 0:09–1009–HFF–PJG, 2009 WL 1491409, *1 n. 1 (D.S.C. May 27, 2009), *aff'd* 347 F. App'x 965 (4th Cir. Aug. 27, 2009); *In re Katrina Canal Breaches Consolidated Litigation*, No. 05–4182, 2008 WL 4185869 at * 2 (E.D. La. September 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records); *Williams v. Long*, 585 F. Supp. 2d 679, 687–88 (D. Md. 2008) (noting that some courts have found postings on government web sites as inherently authentic or self-authenticating).

At this point, Petitioner's state court remedies are exhausted. *See Longworth v. Ozmint*, 377 F.3d 437, 447–48 (4th Cir. 2004) (finding that exhaustion requires state prisoners to complete at least one complete round of the state's established appellate review process by presenting the ground for relief in a face-up and square fashion). Accordingly, the Court declines to determine

---

[1] Available at:
https://publicindex.sccourts.org/Pickens/PublicIndex/CaseDetails.aspx?County=39&CourtAgency=39002&Casenum=2014CP3901550&CaseType=V&HKey=11999109716951107741229811176787482435686101109801151188677118534376976683106698610587107122107838889.

whether Petitioner's state court proceedings were rendered ineffective by inordinate delay or inaction. Instead, the Court declines to dismiss the action for failure to exhaust state court remedies because, at this point, Petitioner has exhausted his state court remedies.

As for Petitioner's due process claim, the remedy for such a violation would be to consider the petition on its merits. *Ward*, 46 F.3d 1129 ("The remedy for the violation of Ward's due process is to remand the case to the district court with instructions to consider the petition on its merits."). Having already declined to dismiss the action for failure to exhaust state court remedies, the Court will recommit this action to the Magistrate Judge to consider the petition on its merits.

## CONCLUSION

For the reasons set forth above, the Court declines the Report and the matter is hereby recommitted to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

June 3, 2021
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge