IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Robert M. Fulmer,<br><br>　　　　Petitioner,<br><br>v.<br><br>Brian Kendall, Warden, Lieber Correctional Institution,<br><br>　　　　Respondent. | C/A No. 9:20-cv-945-SAL<br><br><br>**OPINION AND ORDER** |
| Robert M. Fulmer,<br><br>　　　　Petitioner,<br><br>v.<br><br>Brian Kendall,<br><br>　　　　Respondent. | C/A No. 9:21-cv-1603-SAL<br><br><br>**OPINION AND ORDER** |

　　　This matter is before the Court for review of the July 26, 2022 Report and Recommendation ("Report") of United States Magistrate Judge Molly H. Chery, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 35.] In the Report, the Magistrate Judge recommends granting Respondent's motion for summary judgment, ECF No. 27, and dismissing the petition for writ of habeas corpus in this case and in the consolidated case, No. 9:21-cv-1603-SAL-MHC, with prejudice. For the reasons outlined herein, the court adopts the Report in its entirety.

1

## BACKGROUND

On August 26, 2014, following a two-day jury trial in Pickens County General Sessions Court, Petitioner Robert M. Fulmer ("Petitioner") was convicted of attempted murder, first-degree burglary, possession of a weapon during a violent crime, and petit larceny and sentenced to 30-years' incarceration. *See* [ECF No. 26-1 at 290, 295.] Petitioner did not file a direct appeal in state court, but he filed a timely application for postconviction relief ("PCR") alleging ineffective assistance of his trial counsel. The Honorable George C. James, Jr. denied the application following a PCR evidentiary hearing but granted Petitioner belated review of direct appeal issues. [ECF No. 26-2 at 115.] Thereafter, Petitioner's appellate defender appealed the PCR order through a writ of certiorari and filed an *Anders* brief raising one appellate issue. [ECF No. 35 at 3 (citing ECF Nos. 26-4, 26-5.)] The Supreme Court of South Carolina ultimately dismissed both appeals. *Id.* (citing ECF No. 26-8.)

Petitioner, proceeding *pro se*, initiated this action on March 4, 2020, by filing a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 1.] Subsequently, Petitioner obtained counsel, who then filed a habeas petition in a separate action, unaware of the original *pro se* petition. *See* [ECF No. 19 at 1]; *Fulmer v. Kendall*, No. 9:21-cv-1603-SAL-MHC. The court then consolidated the two actions under this case number, No. 9:21-cv-945-SAL MHC, and allowed Petitioner's counsel to supplement the *pro se* petition. [ECF Nos. 19, 20.] On November 15, 2021, Respondent filed a motion for summary judgment. [ECF No. 27.] Petitioner filed a response in opposition on December 29, 2021, ECF No. 31, and Respondent replied on January 18, 2022, ECF No. 34.

On July 6, 2022, the Magistrate Judge issued the Report that is the subject of this order, recommending the court grant Respondent's motion for summary judgment. [ECF No. 35]. Petitioner filed objections to the Report on August 9, 2022, ECF No. 36, Respondent submitted a

2

response on September 1, 2022, ECF No. 39, and Petitioner submitted a reply on September 6, 2022, ECF No. 41. Thus, the matter is now ripe for consideration by this court.

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). A district court, however, is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 2017 WL 6345402, at *5 n.6 (D.S.C. 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 U.S. Dist. LEXIS 175597, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 U.S. Dist. LEXIS 15489, 2007 WL 821181, at *1

(D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for clear error." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

## DISCUSSION

Petitioner brings this action for habeas relief based on his trial counsel's alleged ineffective assistance in failing to properly investigate alibi witnesses prior to trial.[1] He further alleges "because of the deficient investigation, trial counsel promised a defense to the jury he was unable to deliver." [ECF No. 22 at 1.] Petitioner raises two objections to the findings in the Report: (1) his arguments concerning trial counsel's failure to investigate, leading to prejudicial opening statements, were exhausted, and, if not, Respondent waived exhaustion; and (2) the PCR court's factual determination that trial counsel was effective was unreasonable. *See* [ECF No. 36 at 6–7.] The court considers each objection, in turn, below.

**I.     Exhaustion of Arguments**

Pursuant to 28 U.S.C. § 2254, a state prisoner who challenges "a claim that was adjudicated on the merits in State court" cannot obtain relief in federal court unless he shows the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Prior to bringing such a challenge in federal court, the Petitioner must exhaust his state court remedies. *Id.* § 2254(b)(1);

---

[1] Petitioner's supplemented habeas petition included three grounds for habeas relief. *See* [ECF No. 22.] However, in response to Respondent's summary judgment motion, Petitioner withdrew two of the grounds, leaving only the first ground for improper investigation at issue in the Report. *See* [ECF No. 35 at 6.]

*Stewart v. Warden of Lieber Corr. Inst.*, 701 F. Supp. 2d 785, 790 (D.S.C. 2010).  "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Id.* (quoting *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir.1997)).

Initially, Petitioner objects to the Report's conclusion that a portion of Petitioner's arguments are barred by the doctrine of procedural default. Essentially, Petitioner disagrees with the suggestion that he failed to fully exhaust each of his grounds for relief in the State court appellate system.  More specifically, Petitioner disagrees with the Magistrate Judge's finding that his claim is procedurally defaulted "to the extent it asserts Trial Counsel was ineffective for telling the jury he would call alibi witnesses and then failing to do so."  [ECF No. 35 at 11.]  Based on her review of the record, the Magistrate Judge found "[t]hat specific issue was raised on PCR appeal but not presented to the PCR court and was thus not properly presented to the State's highest court."  *Id.*  The Magistrate Judge further concluded Petitioner's only preserved claim is that his trial counsel was ineffective for failing to call Chad Hayes ("Hayes") and Sarah Hamilton ("Hamilton") as alibi witnesses. *Id.*

Petitioner suggests this framing of his claim is too narrow. His asserted "ground for relief argues trial counsel failed to properly investigate alibi witnesses, leading to prejudicial performance at Petitioner's trial. Because of the deficient investigation, trial counsel promised a defense to the jury he was unable to deliver."  ECF No. 36 at 1]. Petitioner thus contends a single ground for relief has been presented—failure to properly investigate alibi witnesses—but all other arguments now raised are covered under that one ground. And accordingly, because that one ground has been fully presented to the State court for adjudication, exhaustion cannot be used as a procedural bar.

The Court disagrees with Petitioner's position. Petitioner essentially seeks to outline all of

5

trial counsel's shortcomings under a single argumentative heading to circumvent the exhaustion requirement. Petitioner points to several independent acts such as: a failure to investigate alibi witness testimony prior to trial; improperly informing the jury that alibi testimony would be presented; and failing to permit alibi witnesses to testify. To the extent one or more of these specific arguments were not fully presented to the state courts, they are barred for failure to exhaust. Further, this court, like the Magistrate Judge, finds no evidence that Petitioner argued to the PCR court that trial counsel improperly told the jury they would hear alibi testimony.[2]

However, a determination as to exhaustion is unnecessary as the outcome would remain unchanged under Petitioner's theory of the case.[3] That is, even if the Court were to agree with Petitioner that each of his arguments had been fully exhausted, the Court would still be constrained to deny his Petition on the merits as discussed below.

**II. Merits of the Petition**

Within his second objection, Petitioner argues the PCR court's determination that trial counsel was not constitutionally ineffective was unreasonable given trial counsel's failure to conduct any pretrial investigation. Although Petitioner challenges trial counsel's other actions, such as promising a defense in opening statements that did not come to fruition, he argues that each of those issues stem directly from trial counsel's alleged failure to properly interview these witnesses prior to trial. Stated differently, the actions occurring after the start of trial "are merely descriptions of the prejudice flowing from the failure to interview witnesses prior to trial." [ECF

---

[2] The grounds for relief asserted in Petitioner's PCR application were: "deficient and unreasonable performance" of trial counsel, "failure to call witnesses who would have testified favorably on behalf of [Plaintiff]," and use of "invalid strategic reasoning." [ECF No. 26-1 at 313.] The court's review of the PCR hearing transcript, ECF No. 26-2, reveals no mention of trial counsel telling jurors in opening argument they would hear from alibi witnesses.

[3] Because a determination as to exhaustion is unnecessary, the Court declines to address the additional arguments that Respondent expressly waived this procedural bar.

No. 36 at 7]. Thus, Petitioner argues trial counsel's failure to conduct a proper pretrial investigation is the sole allegation on ineffectiveness to be addressed.

The Report concluded the PCR court's decision not to find ineffective assistance of counsel was not unreasonable given that trial counsel received written statements from Hayes and Hamilton prior to trial, tried to contact these witnesses prior to trial, and further attempted to continue the trial to contact these witnesses. [ECF No. 35 at 11–12.] The Magistrate Judge concluded trial counsel *did* conduct some investigation which the PCR court found to be effective. *Id.* at 12–13. Petitioner's contention that "it does not appear counsel made any attempt, at any time to contact these two witnesses" is belied by the record. [ECF No. 36 at 3]. The record reflects that trial counsel reviewed each witness's written statement, attempted to reach the witnesses via process server prior to trial, and moved to continue the trial after failing to reach them. Furthermore, he interviewed the witnesses once they were summoned and brought to court while the trial was ongoing. Based on these facts, this court cannot conclude that the PCR court's determination was unreasonable.

Petitioner's objection focuses on all that trial counsel could have done better. Specifically, Petitioner argues trial counsel could have attempted to contact the witnesses earlier, contacted them more often to build a rapport, had an investigator accompany him to preserve testimony, and the like. That trial counsel may have been more proactive is not proof he was ineffective and is not enough to warrant habeas relief. At base, Petitioner would have this court substitute its judgment for that of his trial counsel. He supports his claims of prejudice through mere speculation. [ECF No. 36 at 6 ("Trial counsel may have learned . . . . Trial counsel may have built a relationship . . . . Trial counsel could have met with them . . . .").] This sort of "could-have / should-have" argument is the type of hypothetical hindsight the court is expressly forbidden from utilizing when

7

evaluating trial counsel's effectiveness. *See Strickland v. Washington*, 466 U.S. 668, 689 (1984) ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.").

This is especially true when the Court implements the "doubly" deferential standard as required when reviewing a § 2254 motion. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) ("[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard."). Here, the PCR court heard Petitioner's arguments along with his supporting evidence and concluded trial counsel was not ineffective. This factual determination "made by a State court shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Constrained by this standard, the court cannot say the PCR court's determination trial counsel was not ineffective was unreasonable. Accordingly, Petitioner's objection must be overruled.

To the extent Petitioner's objection can be read to imply trial counsel was separately ineffective for failing to present the two alibi witnesses at trial, such an argument likewise fails. At the PCR hearing, trial counsel testified that after interviewing Hayes and Hamilton he found they lacked credibility. He found Hayes and Hamilton "wishy-washy," reluctant to testify and unsure Petitioner had been with them the entire night. *See* [ECF No. 26-2 at 72–73, 87–88.] There was also evidence the witnesses drank alcohol and used drugs on the night of the crime, and trial counsel believed they may have been under the influence during their conversation at the courthouse. *Id.* at 72, 86–87. After interviewing Hayes and Hamilton, trial counsel made the decision not to put them on the stand and instead preserve the final closing argument. The Report

8

correctly and succinctly states:

> In this case, the state court determined Trial Counsel had reasonable, tactical reasons for not calling Mr. Hayes and Ms. Hamilton. That determination is supported by Trial Counsel's testimony, which the PCR court found credible, and the trial record. Accordingly, Petitioner has not shown the state court unreasonably applied *Strickland* or based its decision on an unreasonable interpretation of the facts and thus fails to show entitlement to relief.

[ECF No. 35 at 15].

Apart from expressing his mere disagreement with such a finding, Petitioner has failed to show that this determination was unreasonable. Accordingly, the objection is overruled.

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the Court finds no clear error in the Report. After a *de novo* review of each part of the Report to which Petitioner specifically objected, the Court hereby adopts the Report and Recommendation, ECF No. 35. Accordingly, Respondent's motion for summary judgment, ECF No. 27, is granted and the petition, ECF No. 1, is dismissed with prejudice. Consequently, the duplicative petition in consolidated case *Fulmer v. Kendall*, C/A No. 9:21-01603-SAL-MHC, is likewise dismissed.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[4]

**IT IS SO ORDERED.**

September 23, 2022  
Columbia, South Carolina

/s/Sherri A. Lydon  
Sherri A. Lydon  
United States District Judge

---

[4] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."